# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| LINDA TAYLOR, § | |
|     *Plaintiff*, § | |
| § | Civ. Action No. 4:12-CV-01975 |
| v. § | |
| § | |
| TEXAS SOUTHERN UNIVERSITY, § | |
|     *Defendant*. § | |
| § | |

___

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES
___

TO THE HONORABLE KEITH P. ELLISON, UNITED STATES DISTRICT JUDGE:

Defendant Texas Southern University ("TSU") files this Answer and Affirmative Defenses to Plaintiff's Original Complaint and respectfully states the following:

## ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), TSU denies each and every allegation contained in Plaintiff's Original Complaint except for those expressly admitted herein. The numbered paragraphs herein correspond to the paragraphs within the body of Plaintiff's Original Complaint.

As to the introductory paragraph, TSU admits that Plaintiff Taylor was employed as College Business Administrator II within the College of Education, but lacks sufficient information or knowledge to admit or deny whether Plaintiff took her responsibilities seriously. TSU denies the remaining allegations in the introductory paragraph.

## Parties

1. TSU lacks sufficient information or knowledge to admit or deny the allegations in this paragraph.

2. TSU admits the allegations in this paragraph.

## Jurisdiciton

3. TSU admits only that the Court has jurisdiction under 28 U.S.C. § 1331 over Plaintiff's putative claims under 42 U.S.C. § 2000e and supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's putative claims under TEXAS LABOR CODE § 21.055 and TEXAS GOVERNMENT CODE § 554, subject to jurisdictional challenges to those claims based on TSU's sovereign immunity. TSU denies that any of these claims are meritorious.

4. TSU admits that Plaintiff's asserts a putative claim under the Texas Whistleblower Act, TEXAS GOVERNMENT CODE § 554, but denies that this claims is meritorious.

5. TSU admits that venue is proper under 28 U.S.C § 1391.

## Statement of Plaintiff's Case

## Administrative Prerequisite Compliance

6. TSU admits that Plaintiff's asserts a putative claim under the Texas Commission on Human Rights Act ("TCHRA"), chapter 21 of the TEXAS LABOR CODE, but denies that this claim is meritorious. TSU denies all allegations that Plaintiff suffered discrimination based on retaliation, racial discrimination, gender discrimination, and age discrimination.

7. TSU admits the second sentence in this paragraph. TSU denies all remaining allegations in this paragraph.

## Facts

8. TSU lacks sufficient information or knowledge to admit or deny the allegations in this paragraph.

9. TSU admits that Plaintiff Taylor commenced employment at TSU in 1999, but otherwise denies the allegations in this paragraph.

10. TSU denies the allegations in this paragraph.

11. TSU denies the allegations in this paragraph.

12. TSU admits Plaintiff was promoted to College Business Administrator II (CBA) in 2010. TSU lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

13. TSU lacks sufficient information or knowledge to admit or deny the allegations in this paragraph.

14. TSU lacks sufficient information or knowledge to admit or deny the allegations in this paragraph.

15. TSU lacks sufficient information or knowledge to admit or deny the allegations in this paragraph. TSU admits that Plaintiff has provided documents and information regarding her allegations of employee misconduct to TSU officials and to member of the TSU Board of Regents. In addition, Plaintiff has spoken before the Board of Regents during open forum sessions.

16. TSU lacks sufficient information or knowledge to admit or deny the allegations in this paragraph.

17. TSU lacks sufficient information or knowledge to admit or deny the allegations in this paragraph. TSU admits that Plaintiff has provided documents and information regarding her allegations of employee misconduct to TSU officials and to member of the TSU Board of Regents.

In addition, Plaintiff has spoken before the Board of Regents during open forum sessions.

18. TSU denies the allegations in this paragraph, except that TSU lacks sufficient information or knowledge to admit or deny the allegations in this paragraph regarding actions of unnamed employees.

19. TSU denies the allegations in the first sentence of this paragraph. TSU admits the allegations in the second sentence of this paragraph.

20. TSU denies the allegations in the first and second sentences of this paragraph. TSU lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

21. TSU denies the allegations in the first, fifth, seventh and eighth sentences in this paragraph. TSU lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

22. TSU denies the allegations in the first sentence of this paragraph. TSU admits the allegations in the second sentence of this paragraph.

23. TSU denies the allegations in the first sentence of this paragraph, except admits that in April 2011 Plaintiff was "reassigned temporarily" from the CBA position to an Administrative Assistant position in the Department of Health and Kinesiology, pending an assessment of concerns relating to her work performance. TSU admits the allegations in the second sentence of this paragraph. As to the third sentence of this paragraph, TSU admits that by letter dated August 16, 2011 College of Education Interim Dean Lillian Poats assigned Plaintiff to the position of Senior Administrative Assistant in the Department of Health and Kinesiology, effective Sept. 1, 2011, with an annual salary reduction from $53,550 to $39,000.

24. As to the first sentence in this paragraph, TSU admits that Plaintiff, after being removed from the CBA position, worked as an Administrative Assistant within the Department of Health and Kinesiology, which is located in the University's Health and Physical Education Building. TSU lacks sufficient information or knowledge to admit or deny the allegations regarding environmental issues in the building, except admits that testing done in Spring of 2012. TSU lacks sufficient information or knowledge to admit or deny the allegations in the second, third, fourth and fifth sentences of this paragraph. TSU denies the allegations in the sixth sentence of this paragraph.

25. TSU denies the allegations in the first sentence of this paragraph. TSU admits the allegations in the second sentence of this paragraph. TSU lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

26. TSU denies the allegations in this paragraph, except admits that Plaintiff was removed from the CBVA position and reassigned to work as an Administrative Assistant within the Department of Health and Kinesiology, which is located in the University's Health and Physical Education Building.

27. TSU lacks sufficient information or knowledge to admit or deny the allegations in this paragraph.

28. TSU admits that it hired Derrick Wilson as the new CBA for the College of Education and that Mr. Wilson is an African-American male. TSU lacks sufficient information or knowledge to admit or deny the allegations regarding Mr. Wilson's skin color, credentials and experience.

29. TSU admits that Plaintiff filed an internal grievance on or about April 15, 2011 which after investigation by TSU was found to have no merit. TSU lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

29. TSU notes that this is the second numbered paragraph 29. TSU denies the allegations in the first and second sentences of this paragraph. TSU lacks sufficient information or knowledge to admit or deny the allegations in the third sentence of this paragraph.

30. TSU denies the allegations in this paragraph, except admits that Plaintiff requested and received FMLA leave from May 2011 to August 2011.

31. TSU admits that it received notice of EEOC Charge of Discrimination filed by Plaintiff in August 2011, and that TSU filed an answer by letter dated October 12, 2011. TSU further admits that it received Plaintiff's amended EEOC charge in November 2011. TSU further admits that the EEOC terminated its processing of this charge and issued a notice of right to sue dated March 30, 2012. TSU lacks sufficient information or knowledge to admit or deny the allegations regarding with Plaintiff became aware that the EEOC was terminating its investigation.

32. TSU admits that Plaintiff filed an internal grievance on or about September 2011. TSU lacks sufficient information or knowledge to admit or deny the allegations regarding the conclusion of this specific grievance.

33. TSU lacks sufficient information or knowledge to admit or deny the allegations regarding the conclusion of this specific grievance.

34. TSU admits that it received an amended EEOC charge filed by Plaintiff dated November 2, 2011.

35. TSU admits that Interim Dean Poats was appointed to the position of Dean of the College of Education in or around November 2011.

36. TSU admits that Plaintiff filed internal grievance with TSU on or about March 2012. TSU lacks sufficient information or knowledge to admit or deny the allegations regarding the

conclusion of this specific grievance.

37. TSU admits that Plaintiff's employment with TSU was terminated in June 2012, but denies that the termination was wrongful.

## CAUSES OF ACTION

### RACE DISCRIMINATION AND RETALIATION

38. TSU denies the allegations in this paragraph.

39. TSU admits that Plaintiff filed a charge of discrimination on or about August 31, 2011, asserting discrimination on the basis of sex, age and retaliation, and filed an amended charge of discrimination on or about November 2, 2011, asserting discrimination based on the basis of race, color, sex, age and retaliation. TSU also admits that a right-to-sue letter was issued to Plaintiff on March 30, 2012. TSU lacks sufficient information or knowledge to admit or deny the remaining allegations in this paragraph.

### RETALIATION

40. TSU denies the allegations in this paragraph.

41. TSU denies the allegations in this paragraph.

42. TSU denies the allegations in this paragraph.

43. TSU denies the allegations in this paragraph.

44. TSU denies the allegations in this paragraph.

45. TSU denies the allegations in this paragraph.

46. TSU denies the allegations in this paragraph.

47. TSU denies the allegations in this paragraph.

## ATTORNEY'S FEES AND COSTS

48. TSU denies the allegations in this paragraph.

## JURY DEMAND

49. TSU admits that Plaintiff has demanded a jury and lacks sufficient information or knowledge to admit or deny whether the appropriate fee has been paid.

## DAMAGES

50. TSU denies the allegations in this paragraph.

## RELIEF REQUESTED

TSU denies that Plaintiff is entitled to any of the relief requested.

## **AFFIRMATIVE DEFENSES**

1. Sovereign immunity and the Eleventh Amendment bar any and all of Plaintiff's claims to which those defenses may apply.

2. Plaintiff's claims, in whole or in part, are time barred by the applicable statute of limitations period.

3. Plaintiff's claims, in whole or in part, are barred by her failure to exhaust her administrative remedies.

4. Plaintiff has failed to comply with jurisdictional prerequisites to filing a whistleblower suit, including failing to report a violation of law to an appropriate law enforcement authority and failing to invoke TSU's grievance procedure within 90 days of her adverse employment action.

5. At all times relevant to this cause, TSU's actions were reasonable and proper under

the laws of the State of Texas and the United States. Any employment decisions challenged by Plaintiff were made for legitimate, non-discriminatory, non-retaliatory reasons required by business necessity, and these decisions would have been made regardless of any protected activity claimed by Plaintiff.

6. Any employment decisions challenged by Plaintiff were based solely on information, observation, or evidence that is not related to the fact that Plaintiff made any report or engaged in other protected activity claimed by Plaintiff.

7. At all relevant times, TSU took reasonable steps to prevent and promptly correct any harassment in the workplace, and Plaintiff unreasonably failed to take advantage of TSU's preventive or corrective measures

8. Plaintiff failed to mitigate her damages, if any.

9. Plaintiff's own acts and/or omissions caused or contributed to her injuries, if any.

10. Plaintiff's alleged damages, if any, are subject to the applicable statutory cap(s), including without limitation 42 U.S.C. § 1981a, Texas Government Code § 554.003 and Texas Labor Code § 21.2585.

11. TSU reserves the right to raise additional affirmative defenses as they become apparent during the development of the case.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant TSU respectfully requests that the Court enter judgment for it and against Plaintiff, holding that Plaintiff take nothing by her action and award TSU such further relief to which it is entitled, including costs and attorney's fees.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

ROBERT B. O'KEEFE
Chief, General Litigation Division

/s/ Darren G. Gibson
**DARREN G. GIBSON**
Attorney-In-Charge
Texas Bar No. 24068846
Southern District No. 1041236
Darren.Gibson@oag.state.tx.us
Assistant Attorney General
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

***ATTORNEYS FOR DEFENDANT***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of *Defendant's Original Answer and Affirmative Defenses* was served via the *CM/ECF system* on August 21, 2012, to:

Peggy J. Lantz
6363 Woodway Drive, St. 910
Houston, Texas 77057
832-242-6222
832-204-4242 Fax
*Attorney for Plaintiff*

/s/ Darren G. Gibson
**DARREN G. GIBSON**
Assistant Attorney General