IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA TAYLOR, | § | |
|     Plaintiff, | § | |
| | § | Civil Action No. 4:12-CV-01975 |
| v. | § | |
| | § | |
| TEXAS SOUTHERN UNIVERSITY, | § | |
|     Defendant. | § | |

**TEXAS SOUTHERN UNIVERSITY'S PARTIAL MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE KEITH P. ELLISON:

Now comes Defendant Texas Southern University ("TSU") and files this Partial Motion to Dismiss Plaintiff's First Amended Complaint. TSU files this motion pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure, and respectfully shows the Court as follows:

**I.    PROCEDURAL BACKGROUND AND ALLEGED FACTS**

This case arises out of Plaintiff's employment with TSU as a College Business Administrator ("CBA") in the College of Education ("COE"). According to the allegations in the operative complaint, Plaintiff was hired by TSU in 1999 as an Administrative Assistant and was named the COE's College Business Administrator in July 2010. (Dkt. 10, First Am. Compl. ¶ 11-14.) Plaintiff further alleges that during 2010, she reported problems and discrepancies relating to time reporting and scholarship payments. (*Id.* ¶ 16-17.) Plaintiff alleges that she reported these problems to two separate COE deans and to the TSU Board of Regents. (*Id.* ¶ 19.) Plaintiff asserts that after she made these reports, her work environment became hostile and she suffered adverse employment actions. (*Id.* ¶ 20-24.)

1

On April 11, 2011, Plaintiff was temporarily demoted from CBA to an Administrative Assistant for the Health and Kinesiology Department. (*Id.* ¶ 25.) The position of CBA was allegedly filled with a "young dark-skinned black man" who had less experience but was paid more than Plaintiff (*Id.* ¶ 30.)

Plaintiff then went out on FMLA leave from May through August 2011, and upon her return she was notified that her demotion to Administrative Assistant would be permanent. (*Id.* ¶ 25.) Plaintiff claims that her assignment to the Health and Kinesiology Department was retaliatory, as it required her to work in the gymnasium, "a building known by everyone to have environmental issues." (*Id.* ¶ 26.) Plaintiff's employment with TSU was terminated in June 2012. (*Id.* ¶ 41.)

Plaintiff alleges that TSU's employment decisions constituted improper age, race, and gender discrimination and retaliation in violation of numerous laws, including (i) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*; (ii) the Texas Commission on Human Rights Act ("TCHRA"), TEXAS LABOR CODE Chapter 21; (iii) the Texas Whistleblower Act, TEXAS GOVERNMENT CODE Chapter 554; and (iv) the Family Medical Leave Act ("FMLA"), 29 U.S.C. §2601 *et seq*. (*Id.* ¶¶ 3-6, 43-53.)

By this motion, TSU seeks to dismiss Plaintiff's claims under the TCHRA, the Texas Whistleblower Act, and the FMLA for lack of jurisdiction under the Eleventh Amendment. In addition, TSU seeks dismissal of Plaintiff's age discrimination claim, to the extent it is asserted under federal law.[1]

---

[1] TSU does not seek dismissal of Plaintiff's Title VII claims related to race and gender discrimination and retaliation at this time.

## II. ARGUMENT AND AUTHORITY

TSU moves for dismissal pursuant to Rule 12(b)(1). Under Rule 12(b)(1), a district court must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "A case is properly dismissed under Rule 12(b)(1) when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Mississippi, Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks and citation omitted). The burden of establishing federal jurisdiction rests on the party seeking the federal forum, which in this case is Plaintiff. *See Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

Here, Plaintiff's claims under the TCHRA, the FMLA, and the Whistleblower Act, and any federal age discrimination claim, are barred by the Eleventh Amendment. For the reasons set forth below, these claims should be dismissed.

### A. Plaintiff's claims under the TCHRA and the Whistleblower Act are barred by the Eleventh Amendment.

It is well-settled that the Eleventh Amendment deprives a federal court of jurisdiction to hear a suit against the State of Texas, regardless of the relief sought, unless sovereign immunity is expressly waived. *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100-102 (1984); *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). For Eleventh Amendment immunity purposes, a suit against a state agency or university is a suit against the state. *Pennhurst,* 465 U.S. at 100.

TSU does not dispute that Texas has waived its sovereign immunity to be sued in *state court* for TCHRA violations. *King v. Texas Dept. of Human Svcs., ex rel. Bost*, 28 S.W.3d 27, 30 (Tex. App.-Austin 2000, no pet.).

> Texas' waiver of sovereign immunity in its own courts, however, is not a waiver of its Eleventh Amendment immunity in federal courts. Indeed, the Eleventh Amendment bars the adjudication of pendent state law claims against nonconsenting state defendants in

3

> federal court. And the supplemental jurisdiction statute, which codified pendent jurisdiction, does not abrogate Eleventh Amendment immunity.

*Hernandez v. Tex. Dept. of Human Servs.*, 91 Fed.Appx. 934, 935 (5th Cir. 2004) (per curium) (citations omitted). Thus, district courts are barred from exercising jurisdiction over TCHRA claims, such as Plaintiff's. *See, e.g., id.* (reversing denial of motion to dismiss and holding TCHRA claims barred by Eleventh Amendment); *Perez v. Region 20 Educ. Service Center*, 307 F.3d 318, 332 (5th Cir. 2002) (holding TCHRA "does not expressly waive sovereign immunity in federal court"); *Huber v. Tex. Woman's Univ.*, Civ. A. No. H-06-00303, 2006 WL 1851375, at *2 (S.D. Tex. June 30, 2006) ("The United States Court of Appeals for the Fifth Circuit has 'clearly held that the TCHRA does not waive Texas' Eleventh Amendment immunity.'") (citing *Hernandez* and *Perez*).

The same holds true for Plaintiff's whistleblower claim, which "is barred by Eleventh Amendment immunity as well." *Perez*, F.3d at 333. As the Fifth Cicruit has made clear, "the Texas Whistleblower Act's waiver of sovereign immunity in Texas state court does not amount to a waiver of its sovereign immunity in federal court." *Id.* (citing *Martinez v. Tex. Dept. of Criminal Justice*, 300 F.3d 567, 575-77 (5th Cir. 2002)). Thus, Plaintiff is precluded from bringing such claims in federal court.

As a result, Plaintiff's claims under the TCHRA and the Texas Whistleblower Act should be dismissed for lack of subject matter jurisdiction.

### B.     TSU has Eleventh Amendment immunity to Plaintiff's FMLA self-care claim.

As to Plaintiff's FMLA claim, the Supreme Court has made it clear that that Congress did not validly abrogate the State's sovereign immunity when it passed the FMLA's self-care provision. *Coleman v. Court of Appeals of Maryland*, 132 S.Ct. 1327, 1338 (2012); *see also*

*Nelson v. University of Tex.*, 535 F.3d 318 (5th Cir. 2008). However, the Supreme Court has held that Congress did validly abrogate the State's sovereign immunity as to family-care claims under the FMLA. *Nevada Dept. of Human Resources v. Hibbs*, 538 U.S. 721 (2003).

Yet, Plaintiff's first amended complaint makes it clear that she took FMLA for self-care purposes, not for family care. For example, Plaintiff alleges that her FMLA leave related to her own "serious health conditions," which required hospitalization and surgery. (Dkt. 10 ¶ 21, 22, 24, 33.) Plaintiff does not allege that she took any FMLA leave related to family care.

As a result, Plaintiff has not alleged facts establishing this Court's jurisdiction over her FMLA self-care claim, and that claim should be dismissed under Rule 12(b)(1).

### C. To the extent Plaintiff asserts an age discrimination claim under federal law, that claim is also barred.

In addition to alleging discrimination on the basis of race and gender under Title VII, Plaintiff asserts a claim for age discrimination. (Dkt. 10 ¶ 8.) Plaintiff does not state whether she is bringing such a claim solely under the TCHRA, or also under federal law. To the extent Plaintiff is asserting an age discrimination claim under federal law, that claim is barred by the Eleventh Amendment.

The federal statute that bars age discrimination in employment is the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.* However, the Supreme Court has made clear that "[t]he ADEA's purported abrogation of the States' sovereign immunity is [] invalid." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 91 (2000). Thus, to the extent Plaintiff asserts an age discrimination claim under federal law, that claim is subject to dismissal pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. *See, e.g., Sullivan v. Univ. of Tex. Health Science Center at Houston Dental Branch*, 217 Fed.Appx. 391, 395 (5th Cir. 2007) (affirming dismissal of ADEA claim).

## III. CONCLUSION

TSU respectfully requests that this Court grant its Motion to Dismiss and dismiss the Plaintiff's claims under the TCHRA, the Whistleblower Act, and the FMLA, and her age discrimination claim under federal law, such that the only claims remaining would be Plaintiff's claims for race and gender discrimination and retaliation under Title VII. A proposed order to this effect is attached to this motion.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID C. MATTAX
Deputy Attorney General for Defense Litigation

JAMES "BEAU" ECCLES
Chief, General Litigation Division


/s/ Darren G. Gibson_____
**DARREN G. GIBSON**
**Attorney-in-charge**
Texas Bar No. 24068846
Southern District ID No. 1041236
Darren.Gibson@texasattorneygeneral.gov
Assistant Attorney General
Office of the Attorney General
General Litigation Division -019
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
(512) 463-2120
(512) 320-0667 FAX

*ATTORNEYS FOR DEFENDANT*
*TEXAS SOUTHERN UNIVERSITY*

## CERTIFICATE OF CONFERENCE

Though conference is not required under L.R. 7.1 (D), I certify that I notified opposing counsel, Ms. Lantz, by e-mail on March 18, 2013 that Defendant would be filing this motion and she stated that she is opposed.

    /s/ Darren G. Gibson
**DARREN G. GIBSON**
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that on March 18, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to:

Peggy J. Lantz
10497 Town & Country Way, Ste. 700
Houston, Texas 77024
peggylantz@lantzlaw.com

    /s/ Darren G. Gibson
**DARREN G. GIBSON**
Assistant Attorney General