Exhibit "10"

Agreed Final Judgment in *Texas Southern University v. AAffordable Climate et al,*

In the 11th District Court of Harris County, Texas, Cause No. 2004-21745

CAUSE NO. 2004-21745

| | | |
|---|---|---|
| TEXAS SOUTHERN UNIVERSITY | § | IN THE 11ᵗʰ DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | IN AND FOR |
| | § | |
| AAFFORDABLE CLIMATE- | § | |
| CONTROLLED STORAGE, L.P., | § | |
| PRIVATE MINI-STORAGE, INC., and | § | |
| FLORENCE AREOLA d/b/a | § | |
| FLOW ENTERPRISES, a.k.a. | § | |
| FLOW ENTERPRIZES. | § | |
| | § | |
| Defendants. | § | HARRIS COUNTY, TEXAS |

## AGREED FINAL JUDGMENT

CAME ON TO BE CONSIDERED, on the ___ day of October, 2004, the above-entitled

and numbered cause. After considering the pleadings on file and the agreement of the parties, the

Court finds that Plaintiff Texas Southern University has a legal and equitable right to the law library

books and furniture made the subject of this suit (the "Items") further defined by the parties as

follows:

> Those law library books and furniture which were placed into storage units located
> at Defendants AAffordable Climate-Controlled Storage, L.P. or Private Mini-
> Storage, Inc.'s facilities pursuant to storage or rental agreements between Defendant
> Florence Areola d/b/a Flow Enterprises, a.k.a. Flow Enterprizes, and each of those
> Defendants.

It is therefore

ORDERED, ADJUDGED AND DECREED that Plaintiff Texas Southern University is the

legal and equitable owner of the Items.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that all rights and obligations

of Defendant Florence Areola d/b/a Flow Enterprises, a.k.a. Flow Enterprizes, under its storage or

F CHARLES BACARISSE D
District Clerk

NOV 0 3 2004

Harris County, Texas
By_____
Deputy

Certified Document Number 8811833 - Page 1 of 4

rental agreements with AAffordable Climate-Controlled Storage, L.P. or Private Mini Storage, Inc. associated with the Items (including storage units D-26, D-28, D-34, D-35, D-37, 12, 14, 18, 19, 22, 31, 32, 57, 59, 80, 97, 99, 109, 128, 130, 140, 141 and 146 of AAffordable Climate-Controlled Storage, L.P. and storage units B010, C010, C013 and D004 of Private Mini Storage, Inc.) are hereby fully assigned and transferred to Plaintiff Texas Southern University, including the right to access and use such units, and the obligations to timely and fully pay (including remedies for non-payment) for the use of such space. Defendant Florence Arcola d/b/a Flow Enterprises, a.k.a. Flow Enterprizes, shall have no further rights or obligations associated with such storage or rental agreements or units.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff Texas Southern University is entitled to possession of the Items to the exclusion of all other parties to this suit.

IT IS FURTHER ORDERED that all costs of court are taxed against the party incurring the same.

Plaintiff shall have such writs or other process that are necessary to enforce this judgment. All relief not expressly granted herein is denied.

SIGNED this ___ day of October, 2004.

JUDGE PRESIDING

Certified Document Number: 8811833 - Page 2 of 4

AGREED AS TO FORM & CONTENT:

_Kara Kennedy_
KARA L. KENNEDY
State Bar No. 00797454
Assistant Attorney General
Financial Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
Tel. (512) 475-2540
Fax (512) 477-2348
ATTORNEYS FOR PLAINTIFF
TEXAS SOUTHERN UNIVERSITY

_____
CHARLES E. JONES, JR., Pro Se
AAFFORDABLE CLIMATE-
CONTROLLED STORAGE, L.P.
22200 Hwy. 59 North
Kingwood, Texas 77339
Tel. (281) 358-0906
DEFENDANT AAFFORABLE CLIMATE-
CONTROLLED STORAGE, L.P.

_Mark A. Waite_
MARK A. WAITE
State Bar No. 00791865
BIERNE, MAYNARD & PARSON, L.L.P.
1300 Post Oak Blvd., 25th Floor
Houston, Texas 77056
Tel. (713) 623-0886
Fax (713) 960-1527
ATTORNEYS FOR DEFENDANT
PRIVATE MINI-STORAGE, INC.

_Charles D. Johnson_
CHARLES D. JOHNSON
State Bar No. 10690000
1900 North Loop West, Suite 655
Houston, Texas 77018
Tel. (713) 686-7397
Fax (713) 686-7493
ATTORNEY FOR DEFENDANT
FLORENCE AREOLA d/b/a
FLOW ENTERPRISES

G:\User\KLK2\CASLS\TSU Law\Drafts\Judgment.Agreed.wpd

Certified Document Number: 8811833 - Page 3 of 4

AGREED AS TO FORM & CONTENT:

KARA L. KENNEDY
State Bar No. 00797454
Assistant Attorney General
Financial Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
Tel. (512) 475-2540
Fax (512) 477-2348
ATTORNEYS FOR PLAINTIFF
TEXAS SOUTHERN UNIVERSITY

CHARLES E. JONES, JR., Pro Se
AAFFORDABLE CLIMATE-
    CONTROLLED STORAGE, L.P.
22200 Hwy. 59 North
Kingwood, Texas 77339
Tel. (281) 358-0906
DEFENDANT AAFFORABLE CLIMATE-
    CONTROLLED STORAGE, L.P.

MARK A. WAITE
State Bar No. 00791865
BIERNE, MAYNARD & PARSON, L.L.P.
1300 Post Oak Blvd., 25th Floor
Houston, Texas 77056
Tel. (713) 623-0886
Fax (713) 960-1527
ATTORNEYS FOR DEFENDANT
PRIVATE MINI-STORAGE, INC.

CHARLES D. JOHNSON
State Bar No. 10690000
1900 North Loop West, Suite 655
Houston, Texas 77018
Tel. (713) 686-7397
Fax (713) 686-7493
ATTORNEY FOR DEFENDANT
FLORENCE AREOLA d/b/a
FLOW ENTERPRISES

G:\User\KLK2\CASLS\TSU Law\Draft\Judgment Agreed.wpd

Certified Document Number: 8811833 - Page 4 of 4



I, Chris Daniel, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   April 10, 2013

Certified Document Number:        8811833 Total Pages: 4

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

Exhibit "11"

*Thomas v. University of Houston*, 155 Fed. Appx. 115; 2005 U.S. App., LEXIS 23952

(5th Cir. Nov. 4, 2005)



BLEWETT WILLIAM THOMAS, Plaintiff-Appellee, v. UNIVERSITY OF
HOUSTON, Defendant-Appellant

No. 02-20988

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

*155 Fed. Appx. 115; 2005 U.S. App. LEXIS 23952*

November 4, 2005, Filed

**NOTICE:** [**1] RULES OF THE FIFTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**PRIOR HISTORY:** Appeal from the United States District Court for the Southern District of Texas, Houston.

**DISPOSITION:** AFFIRMED.

**COUNSEL:** BLEWETT WILLIAM THOMAS, Plaintiff - Appellee, Pro se, Gulfport, MS.

For UNIVERSITY OF HOUSTON, Defendant - Appellant: Amy Warr, Office of the Attorney General for the States of Texas, Austin, TX.

For UNITED STATES OF AMERICA, Intervenor: Jessica Dunsay Silver, Sarah Elaine Harrington, US Department of Justice, Civil Rights Div - Appellate Section, Washington, DC.

**JUDGES:** Before KING, Chief Judge, and HIGGINBOTHAM and BARKSDALE, Circuit Judges.

**OPINION**

[*116] PER CURIAM: *

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Our recent decisions in *Miller v. Tex. Tech Univ. Health Scis. Ctr., 421 F.3d 342 (5th Cir. 2005)* [**2] (en banc), and *Pace v. Bogalusa City Sch. Bd., 403 F.3d 272 (5th Cir. 2005)* (en banc), resolve all of the remaining issues raised in this appeal. We therefore AFFIRM the district court's holding that the defendant-appellant, the University of Houston, is not immune under the *Eleventh Amendment* to the suit of the plaintiff-appellee, Blewett William Thomas, based on *§ 504* of the Rehabilitation Act of 1973, *29 U.S.C. § 794*.

**DISCUSSION**

Plaintiff-appellee Blewett William Thomas ("Thomas") alleges that the Social Security Administration found him to be temporarily and totally disabled as a result of stress and illness resulting from his employment as a litigation attorney. To rectify this disability, Thomas claims that his physicians directed him to suspend all employment and undertake a rehabilitation program. Specifically, Thomas's physicians allegedly advised him to eschew litigation and to return to a formal academic environment. This suit resulted.

To fulfill his rehabilitation program, Thomas

repeatedly applied to the Master of Laws ("LL.M") program offered by the Law Center of defendant-appellant, the University of Houston ("University [**3] of Houston" or "University"), beginning in October of 1998. In conjunction with this first application, Thomas allegedly informed the University about his disability status and the nature of his planned rehabilitation. The University rejected this initial application to the LL.M program at the Law Center, but Thomas did win admission to the University's Department of Foreign and Classical Languages as a postbaccalaureate student in Russian [*117] Studies. Undaunted by his initial failure, and apparently unsatisfied with Russian Studies, Thomas redoubled his efforts to enter the University's LL.M program. Unfortunately, his subsequent applications met with no greater success than his initial efforts.

Following at least three rejections by the University's LL.M program, Thomas filed this suit in the Southern District of Texas, Houston Division, on February 14, 2001. In his complaint, Thomas alleged the University committed multiple violations of his constitutional rights as part of a continuing pattern of discrimination and retaliation against him during the period of October 15, 1998 through March 30, 2000. [2] The University moved to dismiss, claiming *Eleventh Amendment* immunity. The district [**4] court dismissed most of Thomas's claims, but it refused to dismiss his claim under *§ 504* of the Rehabilitation Act of 1973, *29 U.S.C. § 794* (" *§ 504*"). [3] *See* District Ct. Op. at 6-8 (declining to dismiss Thomas's Rehabilitation Act claim, after surveying recent precedent from this court and other jurisdictions about waiver of sovereign immunity for states that accept federal funds under the Rehabilitation Act).

> 2   Thomas's complaint also alleged that the University breached duties of good faith and fair dealing during his application process. This claim was dismissed along with most of his constitutional claims by the district court.
>
> 3   *Section 504* of the Rehabilitation Act of 1973 provides that "no otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ." *29 U.S.C. § 794(a)*. This "antidiscrimination mandate" was enacted to

"enlist[] all programs receiving federal funds" in Congress's attempt to eliminate discrimination against individuals with disabilities. *Sch. Bd. of Nassau County v. Arline, 480 U.S. 273, 286 n. 15, 277, 107 S. Ct. 1123, 94 L. Ed. 2d 307 (1987)*.

[**5] The University appealed the district court's decision to this court. On January 17, 2003, we granted the United States's unopposed motion to intervene to defend the constitutionality of *42 U.S.C. § 2000d-7*. We held this case in abeyance pending our en banc opinions in *Pace* and *Miller*.

The only issue before us in this appeal is whether the University, an undisputed arm of the state of Texas, can assert sovereign immunity under the *Eleventh Amendment* against Thomas's *§ 504* claims. "We review *Eleventh Amendment* immunity determinations . . . de novo as a question of law." *United States v. Tex. Tech Univ., 171 F.3d 279, 288 (5th Cir. 1999)* (citing *Ussery v. Louisiana, 150 F.3d 431, 434 (5th Cir. 1998))*. The statute at issue is *42 U.S.C. § 2000d-7*, which reads in relevant part:

> A State shall not be immune under the *Eleventh Amendment of the Constitution of the United States* from suit in Federal court for a violation of *section 504* of the Rehabilitation Act of 1973 . . . or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance. [**6]

Congress enacted this provision in order to demonstrate to state agencies that eligibility for federal financial assistance is conditional upon waiver of *Eleventh Amendment* immunity to discrimination suits under the identified statutes. *See Pederson v. La. State Univ., 213 F.3d 858, 875-76 (5th Cir. 2000)* (concluding that *Section 2000d-7* validly conditions acceptance of federal funds on a waiver of sovereign immunity to claims under Title IX); *see also Lane v. Pena, 518 U.S. 187, 197-200, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996)*.

This court has resolved this precise issue in two

recent en banc decisions. Then [*118] as now, we held that a state "waives *Eleventh Amendment* immunity from suit under *§ 504* by accepting federal funds under such circumstances [the express conditions of *42 U.S.C. § 2000d-7*]." *Miller, 421 F.3d at 347* (citing *Pace, 403 F.3d at 272*). [4] In a supplemental letter brief filed after our recent decisions, the University concedes that "this appeal presents the same issues, and is thus governed by *Miller.*" (Appellant's Supplemental Letter Br. at 1.) We agree. Accordingly, [**7] the decision of the district court is

AFFIRMED.

> 4  Our holding in this matter accords with the decisions of our sister circuits. As we stated in *Miller,*
>
> we agree with the four circuit

courts that have addressed this issue and concluded that, if the involved state agency or department accepts federal financial assistance, it waives its *Eleventh Amendment* immunity even though the federal funds are not earmarked for programs that further the antidiscrimination and rehabilitation goals of *§ 504*.

*421 F.3d at 349* (citing *Barbour v. Wash. Metro. Area Transit Auth., 362 U.S. App. D.C. 336, 374 F.3d 1161 (D.C. Cir. 2004)*; *Lovell v. Chandler, 303 F.3d 1039 (9th Cir. 2002)*; *Koslow v. Pennsylvania, 302 F.3d 161 (3d Cir. 2002)*; *Jim C. v. United States, Atkins Sch. Dist., 235 F.3d 1079 (8th Cir. 2000)* (en banc)).

Exhibit "12"

*McCauley v. Georgia*, 466 Fed. Appx. 832

Unpublished (11th Cir. 2012)

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————

No. 11-11817
Non-Argument Calendar

————————————

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:09-cv-03547-ODE

ANN MCCAULEY,

Plaintiff-Appellant,

versus

STATE OF GEORGIA,
All Defendants listed are d/b/a the State of Georgia,
GOVERNOR OF GEORGIA,
Governor's Office and Personal,
MR. MILLER,
LT. ORTIZ,
SULLIVAN, et al.,

Defendants-Appellees.

————————————

Appeal from the United States District Court
for the Northern District of Georgia

————————————

(April 12, 2012)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Ann McCauley, proceeding *pro se*, appeals the dismissal of her lawsuit brought under, among other statutes, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132. On appeal, McCauley first argues that the district court erroneously found that two defendants, the Superior Court of Bibb Count ("Bibb County court") and Judge Self, were immune under the Eleventh Amendment from suits brought under Title II, the Rehabilitation Act, and the Fourteenth Amendment. Second, McCauley addresses the district court's finding that she failed to state a Rehabilitation Act claim against the Bibb County court. Finally, McCauley addresses the district court's dismissal of her claims against various defendants related to a state court case that McCauley brought against Cook's Pest Control. For the reasons set forth below, we affirm the district court's dismissal of McCauley's suit.

I.

McCauley suffers from severe lupus erythematosus, which means that, among other consequences, she cannot be exposed to odors such as those found in everyday hygiene products. In 1992, McCauley sued Cook's Pest Control in Gwinnett County, apparently contending that Cooks had caused or aggravated her disabilities. That lawsuit was in the Superior Court of Gwinnett County. Later, she unsuccessfully sued Judge Winegarden, and others affiliated with that court,

alleging that they failed to accommodate her disabilities in the Cook's lawsuit. McCauley v. Winegarden, 60 F.3d 766 (11th Cir. 1995), cert. denied, 517 U.S. 1149 (1996). In 2005, a car accident led McCauley to sue the driver of the other car and Allstate Insurance. That case proceeded before Judge Self in Bibb County. During the course of the lawsuit before Judge Self, McCauley filed a motion for summary judgment and later a motion for reconsideration. The Bibb County court considered the merits of the motion for summary judgment, but ultimately denied the motion. The Bibb County court denied the motion for reconsideration.

In 2009, McCauley, proceeding *pro se*, brought the instant case against a number of Georgia state entities and officials, including the Superior Court of Gwinnett County and the judge and staff who presided over her case against Cook's, the Bibb County court, and Judge Self and his court personnel. McCauley claimed that the Gwinnett and Bibb County courts violated her rights under the ADA by denying her access to the courts. As to her Bibb County case specifically, she alleged that: (1) the clerk's office did not assign a single contact person, (2) the clerk's office was not adequately responsive to her needs, and (3) Judge Self and his clerks did not have the sensitivity training necessary to interact appropriately with McCauley. McCauley conceded that the clerks allowed

3

her to file documents via email, but she alleged that, if the court personnel understood McCauley's disability, they would not have held a hearing at which McCauley appeared via telephone while opposing counsel appeared in person. McCauley went on to cite a number of statutes and constitutional provisions, including Title II of the ADA, 42 U.S.C. § 12132; the Rehabilitation Act of 1973; and the Fourteenth Amendment.

A magistrate judge allowed McCauley to proceed *in forma pauperis*. The magistrate recommended dismissing a number of claims under 28 U.S.C. § 1915(e)(2)(B). As relevant to this appeal, the magistrate: (1) recommended dismissing the claims against the defendants related to McCauley's state court case against Cook's and (2) explained that McCauley had failed to state a Rehabilitation Act claim against the Bibb County court because she did not allege that the court received federal funds. The magistrate recommended allowing McCauley's ADA failure to accommodate claims against the Bibb County court and Judge Self in his official capacity to proceed. McCauley stated claims under Title II of the ADA when she alleged that the court: (1) did not appoint a contact person, (2) had an unresponsive staff, and (3) did not properly train its staff. The district court adopted the report and recommendation in its entirety.

The Bibb County court and Judge Self filed a motion to dismiss the

4

remaining claims for lack of subject matter jurisdiction and a failure to state a

claim upon which relief could be granted. They argued that, under *United States*

*v. Georgia*, 546 U.S. 151, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006), they had

Eleventh Amendment immunity because McCauley had not alleged conduct that

amounted to a constitutional violation. McCauley's Bibb County case was

dismissed for a number of reasons unrelated to her ability to access the courts.

The outcome of that case would not have changed even if there had been a single

contact person, the court had been more responsive, and the staff had been better

trained. Finally, the Bibb County court and Judge Self argued that, even if they

did not have Eleventh Amendment immunity, McCauley failed to state a claim

under the ADA.

The magistrate recommended granting the motion to dismiss because the

Bibb County court and Judge Self were immune under the Eleventh Amendment.

At issue was whether Congress had validly abrogated Eleventh Amendment

immunity for claims under Title II of the ADA. Congress intended to abrogate

immunity for such claims. Under *Georgia*, that abrogation was valid if the alleged

conduct actually violated the Fourteenth Amendment. Abrogation could also be

valid for conduct that violated Title II of the ADA, but not the Fourteenth

Amendment, so long as Title II was "a valid prophylactic measure within

Congress's power under § 5 of the Fourteenth Amendment." Because McCauley could not show a Title II violation, the magistrate did not consider whether the abrogation as to that alleged conduct was valid, nor did the magistrate consider whether McCauley had shown a Fourteenth Amendment violation.

The magistrate determined that McCauley had not shown that her claims regarding (1) the failure to designate a single contact person, (2) unresponsive staff, and (3) lack of training amounted to Title II violations. Such accommodations were unnecessary because McCauley had not shown that the lack of those accommodations prevented her from accessing the court. McCauley was given access to the court via electronic filing, the ability to appear at a hearing via telephone, and being allowed to file a motion for summary judgment. Those accommodations allowed the court to decide her case on the merits. Although she may have had a hard time interacting with employees who did not understand her disability, she had not been denied access to the courts, and she had not stated a claim for failure to accommodate under Title II of the ADA. Because McCauley could not establish an ADA violation, the Bibb County court and Judge Self were immune from money damages under the Eleventh Amendment, and the magistrate recommended dismissing McCauley's claim for money damages under the ADA. Based on the above, the magistrate concluded that the court lacked subject matter

jurisdiction and thus did not consider whether McCauley stated a claim under Federal Rule of Civil Procedure 12(b)(6). The district court adopted the report and recommendation in its entirety and granted the motion to dismiss.

II.

We review *de novo* the grant of a motion to dismiss based on Eleventh Amendment immunity. *Ass'n for Disabled Ams., Inc. v. Fla. Int'l Univ.*, 405 F.3d 954, 956 (11th Cir. 2005). The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is also reviewed *de novo*, and we construe "the complaint in the light most favorable to the plaintiff and accept[s] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). A Rule 12(b)(6) motion to dismiss should only be granted where "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Id.* (quotation omitted). We review the briefs of *pro se* litigants liberally, but a *pro se* litigant nonetheless abandons an issue not raised in her initial brief. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). "[W]e may affirm on any ground supported by the record." *Am. Gen. Life Ins. Co. v. Schoenthal Family LLC*, 555 F.3d 1331, 1343 (11th Cir. 2009).

Title II of the ADA provides that, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied

7

the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Private suits for money damages are authorized under Title II. *Id.* § 12202; *Tennessee v. Lane*, 541 U.S. 509, 517-18, 124 S.Ct. 1978, 1984-85, 158 L.Ed.2d 820 (2004). Although states are generally immune from unconsented suits brought by their citizens, Congress may abrogate that immunity. U.S. Const. amend. XI; *Lane*, 509 U.S. at 517, 124 S.Ct. at 1985. To abrogate Eleventh Amendment immunity, Congress must: (1) make clear its intent to do so and (2) do so "pursuant to a valid grant of constitutional authority." *Lane*, 509 U.S. at 517, 124 S.Ct. at 1985 (quotation omitted).

In § 12202, Congress made clear its intent to abrogate states' immunity from suits brought under the ADA. *Id.* at 518, 124 S.Ct. at 1985. As to the second requirement, Congress may abrogate states' immunity to enforce the substantive guarantees of the Fourteenth Amendment. *Id.* Title II seeks to prohibit irrational discrimination of disabled individuals and enforce basic constitutional guarantees, including the right to access the courts. *Id.* at 522-23, 124 S.Ct. at 1988. Civil litigants have a due process right to "a meaningful opportunity to be heard" in judicial proceedings. *Id.* at 523, 124 S.Ct. at 1988 (quotation omitted). Thus, the Supreme Court held in *Lane* that, "Title II, as it applies to the class of cases

8

implicating the fundamental right of access to the courts, constitutes a valid exercise of Congress' . . . authority to enforce the guarantees of the Fourteenth Amendment." *Id.* at 533-34, 124 S.Ct. at 1994.

In *Georgia*, the Supreme Court considered whether a state prisoner could sue a state for money damages based on a claim that the conditions of confinement violated the prisoner's rights under Title II of the ADA. 546 U.S. at 153-55, 126 S.Ct. at 878-79. Rather than determining whether Title II validly abrogated sovereign immunity in prisoner suits generally, the Court merely noted that "no one doubts that § 5 [of the Fourteenth Amendment] grants Congress the power to enforce . . . the provisions of the Amendment by creating private remedies against the [s]tates for *actual* violations of these provisions." *Id.* at 158, 126 S.Ct. at 881 (quotation omitted). The Court remanded the case for further proceedings. *Id.* at 160, 126 S.Ct. at 882.

Finally, to state a claim alleging a denial of the right to access the courts, a plaintiff must show actual injury by demonstrating that her efforts to pursue a nonfrivolous claim were frustrated or impeded by an official's action. *Bass v. Singletary*, 143 F.3d 1442, 1445 (11th Cir.1998) (considering an access to the court claim in prisoners' § 1983 lawsuit).

As an initial matter, McCauley has abandoned two of the three issues she

addresses in her initial brief. First, the district court dismissed the Rehabilitation

Act claim against the Bibb County court because McCauley did not allege that the

court received federal funds. Although McCauley acknowledges the federal funds

requirement in her brief, she does not argue that the district court's finding on this

issue was erroneous. Accordingly, she has abandoned any argument regarding the

dismissal of the Rehabilitation Act claim. *See Timson*, 518 F.3d at 874. Second,

the defendants relevant to the state court case against Cook's were dismissed for a

number of reasons. On appeal, McCauley states that the district court erroneously

dismissed these defendants and argues that she was harmed by those defendants,

but she does not challenge the district court's rulings explaining the dismissals.

Accordingly, she has also abandoned her argument that these defendants were

erroneously dismissed. *See Timson*, 518 F.3d at 874.

Thus, the only remaining issue on appeal is whether the district court

erroneously dismissed, based on Eleventh Amendment immunity, McCauley's

ADA claim against the Bibb County court and Judge Self regarding access to the

courts.[1] McCauley is correct that the court erred in finding Eleventh Amendment

---

[1] McCauley also argues that the court erred in finding that these defendants had Eleventh
Amendment immunity from suits brought under the Rehabilitation Act or the Fourteenth
Amendment. This argument is belied by the record because the court did not address Eleventh
Amendment immunity from suits brought under the Rehabilitation Act or the Fourteenth
Amendment.

immunity from this claim. McCauley alleged that these defendants denied her access to the court. In *Lane*, the Supreme Court held that Congress had validly abrogated states' Eleventh Amendment immunity from suit under Title II of the ADA in cases alleging a denial of access to the courts. *See* 541 U.S. at 533-34, 124 S.Ct. at 1994. The Court did not qualify this holding with a requirement that an actual violation must have occurred for the abrogation of immunity to be valid. *See generally id.* That such a requirement may exist in other classes of cases is of no moment to McCauley's access to the courts claim. *Cf. Georgia*, 546 U.S. at 158, 126 S.Ct. at 881. The district court erred in applying the language of *Georgia*, a case dealing with the conditions of confinement in a prison, rather than the requirements of *Lane*, a case alleging a denial of access to the courts. Under *Lane*, the Bibb County court and Judge Self are not immune from McCauley's claim that she was denied access to the court based on her disability. *See* 541 U.S. at 533-34, 124 S.Ct. at 1994.

Nonetheless, we need not remand this case. The district court did not explicitly state that McCauley failed to state a claim under Rule 12(b)(6), but the court did consider whether her allegations stated Title II violations. "[B]ecause we may affirm on any ground supported by the record," we next consider whether McCauley failed to state a claim under Rule 12(b)(6). *Am. Gen. Life Ins. Co.*, 555

F.3d at 1343.

Even accepting the allegations in McCauley's complaint as true, she fails to state an access to the courts claim because she did not allege actual injury in pursuing her Bibb County case. *See Bass*, 143 F.3d at 1445. In her complaint, McCauley asserted that: (1) the clerk's office did not assign a single contact person, (2) the clerk's office was not adequately responsive to her needs, and (3) Judge Self and his clerks did not have the sensitivity training necessary to interact appropriately with McCauley. She did not explain how these alleged deficiencies affected her case or denied her access to the courts, and she conceded that she was allowed to file documents via email and appear at a hearing via telephone. Moreover, McCauley was able to file both a motion for summary judgment and a motion for reconsideration in that case. *See Day*, 400 F.3d at 1276. The court considered the motion for summary judgment on the merits before ultimately denying it, and the court denied the motion for reconsideration. Thus, McCauley was able to access the court and have her case heard on the merits, and she has not shown actual injury or stated an access to the court claim under the ADA. *See Bass*, 143 F.3d at 1445.

For the foregoing reasons, we affirm the district court's dismissal of McCauley's suit.

**AFFIRMED.**